In The United States District Court
For The district Of Alabama
Northern Division

RECEIVED
2006 APR 17 A 10: 12

Charles Dixon #139244        *    Case Number: 2:06-CV-266-MHT
Plaintiff                    *
                             *
    Vs.                      *
                             *
Richard Allen, et.al;        *
Defendant                    *


## Affidavit In Support Of The Plaintiffs Motion For The Appointment Of Counsel

Charles Dixon #139244, being duly sworn, deposes and says:

I.   I am the plaintiff in the above-entitled case. I make this affidavit in support of motion for the appointment of counsel.

II.  The complaint in this case alleges that the plaintiff was subjected to Defendants overcrowding at Easterling Correctional Facility. The Defendants knew or should have known they were violating Plaintiffs constitutional rights housing Plaintiffs in unconstitutional overcrowded facilities with Hepatitis-C convicted prisoners, and Hepatitis-B prisoners, and Staph Disease and (TB), prisoners.

III. This is a complex case because it contains several different legal claims, with each involving a different set of Defendants.

IV.  The case involves medical issues that may require expert testimony.

V.   The Plaintiff Charles Dixon is a certified paralegal and understanding the legal issues on researching the law (Books), the Plaintiff as a paralegal, has extremely limited access to the law library. About 8-hours a week in the law library at Easterling Correctional Facility, Plaintiffs need at least twenty hours a week in the law library to research the law books.

1

## Argument

In deciding whether to appoint counsel for an indigent litigant, the court should consider "The factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present His claim and the complexity of the legal issues."

Abdullah V. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991). (Citation omitted, Cert. Denied, 112 S. CT. 1995 (1992). In addition, courts have suggested that the most important factor is whether the case appears to have merit. See Cooper V. A. Sargent, Co, Inc. 877 F.2d 170.173 (2d Cir.1989). Each of these factors weighs in favor of appointing counsel in this case.

The ability of the indigent to present his case or claim, Plaintiffs Donald W. Young #157063, Bruce Harms #202029, and James McDonald #236354, these above Plaintiffs are indigent and have no legal training, so this is a factor that supports the appointment of counsel. Whisenant V. Yuam, 739 122d 160, 163 (4th Cir. 1984).

## Conclusion

For the foregoing reason, the court should grant the Plaintiffs motion and appoint counsel in this case.

2

## Certificate Of Service

I hereby certify that I served upon the United States Clerk by placing in Easterling Correctional Facility post office on this ___11th___ day of ___April___ 2006, and properly addressed to the United States District Court, P.O. Box 711 Montgomery, Al 36107-0711.

28 U.S.C 1746

SIGNED: _Charles Dixon 139244_

CHARLES DIXON # 139244
EASTERLING CORR. FAC.
200 WALLACE DR.       8-B-8
CLIO, ALABAMA 36617-2615