IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION   2006 MAY 30  P 2:16

|  |  |
|---|---|
| PLAINTIFF           PRO SE  <br> VS. <br> RICHARD ALLEN, BOB RILEY, <br> TROY KING, SIDNEY WILLIAMS, <br> BOARD OF PARDONS AND PAROLES et.al., <br> Defendants   Individual Capacities | CASE NO. CV-2:06-266 MHT |

MOTION TO AMEND PURSUANT TO
RULES OF CIVIL PROCEDURE RULE
15(C) FEDERAL RULES ETC.

Plaintiff filed a complaint pursuant to 42 USC Section 1983 Action against the STATE OF ALABAMA Prison Systems Conditions and Confinement at the Easterling Corr. Fac. E.C.F Is Unconstitutionally overcrowded. Plaintiff Requests This Honorable Court to Amend The Board of Pardons and Paroles, Bob Riley, Troy King, AS Defendants. The Plaintiffs Primary Concern of Drafter of Constitutional Prohibition against Cruel and unusual Punishment was to Proscribe Torture and other Barbarous methods of Punishment. Amendment Proscribes More Than physically Barbarousness Against which Courts Must Evaluate Penal Measures U.S.C.A Const. Amend. 8.

1.

Plaintiff is suffering from overcrowded conditions at E.C.F. because the "Defendants overcrowding" Troy King, Bob Riley, Boards of Pardons and Paroles is "deliberate Indifference" to Prisoners and Plaintiffs safety and Health. This constitutes Cruel and unusual Punishment thats in violation of the Eighth Amendment.

Deliberate Indifference to serious overcrowded Prison Conditions constitutes unnecessary and wanton Infliction of Pain proscribed by the Eighth Amendment, which is Grossly disproportinate to the severity of Crime.

The Defendants failure to alleviate overcrowded Prison Conditions in the States Prison Systems has caused Easterling Corr. Fac. to be unconstitutionaly overcrowded.

Plaintiff alleges acts of ommissions sufficiently and Harmfull evidence, deliberate indifference to serious living space at e.c.f, This facility is cruel and Inhumane. Overcrowding Alone in combination with deliberate Indifference is depriving Plaintiffs of the Minimal Civilized Measure of lifes Basic Necessities, which is the totality of the circumstances. "Defendants overcrowding" acting Deliberate Indifference, and callous Indifference to Plaintiffs safety and Health. Plaintiff will show callous Indifference to Plaintiffs Health and safety.

2.

Overcrowding has caused the (HCU) Facility to become Inadequate by giving Health Care staff excessive case loads that is causing Plaintiffs to suffer from a Breach of the States Constitutional Duty.

The Gravamen of Plaintiffs 1983 Complaint is that "Defendants overcrowding" has subjected Plaintiffs to Cruel and unusual Punishment In violation of the Eighth Amendment, made applicable by the Fourteenth Amendment. See Robinson v. California 370 U.S. 660 (1962).

## Amendment

The Eighth Amendment Provides: "Excessive Bail shall not be Imposed, Nor Cruel and unusual punishments Inflicted."

The "Defendants overcrowding" is trying to Draw Iron Curtain between the Constitution and Plaintiffs In the State of Alabamas Prison. The Hospital "Health Care" at this Present Time, and for a while, has for the Inmates and Plaintiffs only "One Doctor" to Care for over Double Capacity Population at E.C.F.

3.

The Health Care Facility Capacity is inadequate to handle the Demands of "Defendants overcrowding" in the State of Alabama, creating the quality of Health Care that is grossly unacceptable and is not within Prudent Professional Standards designed to meet Routine and emergency medical, dental, and psychological or psychiatric care. This unconstitutionaly denies the Plaintiffs there Safety and Health and is Deliberate Indifference to the State Health Care Program.

The Defendants overcrowding and in combination with overcrowding is denying the Plaintiffs the Proper Amount of Time to the use of Law library. Reasonable limits on Plaintiffs access to law library has been imposed upon, and these Restrictions deny Plaintiffs Meaningfull Law library Access.

The "Defendants overcrowding" is denying the Plaintiffs the Proper time to excercise on the Prisons Recreation Yard. This Denies Plaintiffs the Plaintiffs the basic Human Need that Prison officials must Provide under the Eighth Amendment. Undue Restrictions on Plaintiffs opportunities for physical excercise constitutes Cruel and Unusual Punishment in Violation of the Eighth Amendment. This Poses An Unreasonable threat to Plaintiffs physical and Mental Health.

4.

THE "Defendants overcrowding" willful and wanton, subjected Plaintiffs to UNSAFE INVIROMENT, in combination with "Defendants overcrowding and deliberate INDIFFERENCE, have not taken Responsibility to Repair faulty Fire Alarm System thats now in violation of STATE and FEDERAL law code that subjects Plaintiffs to UNSAFE AND HAZARDOUS living conditions, violating the Plaintiffs' Eighth Amendment RIGHTS.

THE "Defendants overcrowding", causing E.C.F laundry Facilities working capacity, not to handle serious over capacity at which the E.C.F is at. "Defendants overcrowding" has failed to Provide CLEAN Bedding and Clothing. Blankets ARE washe only once a YEAR when taken up in April where temperatures ARE droping below the 50° mark thats to low to keep warm at Night in the Dorms with one sheet to cover with, Plaintiffs sleeping in clothing to keep warm at Night, this deprives the Plaintiffs the Right to lifes basic necessities. Plaintiffs laundry and clothing on a Continuous Basis comes back to the Dorms wet and unclean with a foul smell. Dirty clothing, bedding, and lack of sleep being exposed to the enviroments cold at Night for lack of Bedding is depriving the Plaintiffs the Right to vital mental and physical Health. THIS Constitutes the willful and wanton

5.

subjection by the "Defendants overcrowding" to subject the Plaintiffs to cruel and unusual punishment, thats in violation of the Constitutions Eighth Amendment Rights, by denying the proper bedding and cleansing of laundry thats conducive to conditions that create good physical mental conditions, Plaintiff's are not capable of affording lifes basic necessities and are being denied by the Defendants their Rights to the Constitutions Eighth Amendment.

The "Defendants overcrowding" is exposing Plaintiffs to various Inviromental Hazarads thats in violation to the Constitution. On March 19, 2006, The Montgomery Adviser Reported that the Alabama Department of Enviromental Management has brought suit against the A.D.O.C for dumping Raw Sewage into Alabamas Tributaries and has been doing so for years because of Defendants overcrowding.

The Sewage Treatment Capacities at these facilities are at serious over capacities, Elmore, Staton, Holeman, Fountain, West Jefferson, and Bullock are named in this article as being the facilities that are in violation. The Easterling Corr. Fac. should also be investigated by this Department. On March 23, 2006 the sewage pump burnt up, at the E.C.F, Due to capacity rating being overworked because of Defendants overcrowding, showers for Plaintiffs were cut in duration to shorter time periods 1½ Hours For

6.

130 Inmates with 7-shower heads, thats Approx. 19 Inmates Per shower Head (on one side of a dorm) with about 4 1/2 minutes each to shower under these conditions thats Grossly Inadequate, under Routine Conditions Plaintiffs have 1 1/2 mins more. Due to this Condition and Prior to this Condition of "Defendants overcrowding" Plaintiffs Are being denied the basic Necessity of life to keep clean, and If these Restrictions are not followed by the Plaintiffs, they will be subjected to serious Disciplinary Action from the A.D.O.C.

"Defendants overcrowding" on March 21st 2006 At Approximately 11:30 A.M. the E.C.F Institutional Barbers were made to STOP cutting the Prison Population Hair at the Easterling Corr. Fac. Inmate Barbers Because of "Defendants overcrowding" are exposing Plaintiffs to unhealthy Conditions (STAPH EPIDEMIC). "Defendants overcrowding" Are Responsible for wanton and willful deliberate Indifference, when Health Inspectors came to see E.C.F Prison Conditions on March 21, 2006, the Health Inspectors were Averted from seeing the deplorable Conditions of E.C.F Inmate Barbers Sanatational Practices that has been Proved by (HCU) to be conducive to and contributing to the spread of STAPH Bacteria infections in the skin, Neck, Head And Scalp of Inmates and Plaintiffs

7.

A Direct violation of the Plaintiffs Eighth Amendment Rights.

"Defendants overcrowding" is depriving Plaintiffs Adequate ventilation for safe air quality. The lennox Company upon placing ventilation system for air quality at the E.C.F, concluded that this air ventilation system had a maxium capacity for 650 prisoners at the E.C.F. This capacity is at a serious over capacity of more than Double the Design capacity. A system that is inadequately handling the need for Adequate Air Quality.

"Defendants overcrowding" depriving Plaintiffs of safe and Healthy Enviroments. Plaintiffs are now being vaccinated for Hepatitus (B) that can be proven to be spread by these unconstitutional conditions thats in Combination with Defendants overcrowding and is a violation of the Plaintiffs Eighth Amendment Rights, This Contributes to An unconstitutional Combination of Conditions of serious issues of Meritorius Claim, where the E.C.F has had to be quarantined for outbreaks of (TB) in 2005, Defendants overcrowding therefore put at risk Family on visitation and civiliane at this Facility and shows the deliberate Indifference by the "Defendants overcrowding".

8.

"Defendants Overcrowding" is Responsible for the making of excessive noise, where here at the E.C.F this excessive noise begins at 3:00AM in all Dormitories, by Announcement over loud speakers, Chow calls, diabetic Chow calls, Pill calls Population, Pill calls Diabetic, Legal Mail calls, Mail calls, Sick calls, Population work calls, Count times, black and white counts, all in a day that ends at night around 11:30 to 12:30 AM, with about 2½ hours left before the begining of another day deprived of sleep. This is willful and wanton infliction of pain without peneological justification that has habitually caused Plaintiffs to suffer from sleep deprivation. This violates the Plaintiff's Eighth Amendment Rights and constitutes cruel and unusual punishment that has Amounted to a continuance of torture by excessive noise causing sleep deprivation.

"Defendants overcrowding" is depriving Plaintiffs of Safe Drinking water, shows Deliberate Indifference when D.O.C Drinks Bottled water and told not to drink of E.C.F Water Supply. The Plaintiffs contend that the Water supply at this Facility is being supplied by ground well and elevated storage tank located on State Property within 200 yards of the E.C.F at 200 Wallace Dr. Clio, AL. 36017-2615. Plaintiffs Assert that the Drinking water is not being tested by the Dept. of Enviromental management Agency. The Water has a

9.

foul odor, and taste. After showering Plaintiffs feel like they have been diped in oil. Numerous Inmates and Plaintiffs have developed serious skin Rashes, Sores and STAPH Infections and Told by (HCU) that these problems are not Identifiable.

The Dept. of Enviromental Management has no Record of This Type of Water Source Storage facility located at State Property, 200 Wallace Dr. Clio, AL. 36017-2615. The water Source and Storage Facility is not being Tested in Compliance with the federal safe water Drinking Act, causing Rashes, and Sores at the E.C.F "Defendants overcrowding", Richard Allen Prison Commissioner, Govenor Bob Riley, Attorney General Troy king, Sidney williams Chairman of the Board, and The Board of Pardons and Paroles, have violated the Plaintiffs Eighth Amendment Rights of the U.S. Constitution, when clearly violating state and federal statutes the Defendants know and have disregarded the Excessive Risk to Plaintiffs Health and Safety. Defendants know that these Combinations of Conditions of Defendants overcrowding are objectively cruel and Defendants have failed to Remedy them, They are deliberately Indifferent.

"Defendants overcrowding" are liable based on what they have known and what is obvious. Defendants have disregarded these Risks, thats obvious.

10.

"Defendants overcrowding" is a violation of the Plaintiffs Eighth Amendment Rights. A Judges discretion under the Eighth Amendment Allow him to make a Decision Responsibly with Regard to Civilians Safety being Discreationary, Judges may Set Bail, thats dependent upon the Rules of Court and the Severity of Subjects Crime. But with most, if not all, Bail is Set and granted with the Subject Being Released from detention and his Rights Protected under the United States Constitution.

"Defendants Over Crowding" willful and wanton, denies Plaintiffs their constitutional Right by not Practicing these Principles of Discretion, A Systematic Deficiency, "Defendants deny Paroles for no Reasons" work Releases shutdown, halfway houses, Institutional Good Time, SIR Programs, Boot Camps, P.D.L Programs cut and Creating the Problems of Over-Crowding themselves Defendants are in violation of the Plaintiffs Constitutional Rights and are lacking in Responsible decision making thats undiscreationary and unconstitutional therefore Violating the Plaintiffs Eighth Amendment Rights to Participate in these Discreationary Programs.

Shows Now the Plaintiffs in this the "Defendants Over-Crowding" deliberate Indifference, by shutting down these Programs that were Placed in this Department to help Eliviate the "Defendants overcrowding", thats now

11.

and for a long time has and is in violation of the United States Constitution Eight Amendment, making the Defendants unquestionably Responsible for Inflicting Cruel and unusual Punishment upon the Plaintiffs, Thus Jeopordiazing Plaintiffs and Prisoners Health and Safety thus Inflicting willful and wanton Mental and Physical Injury.

The Plaintiff(s) assert that they are seeking Judgements as set out Below:
The Plaintiffs Move This Court to show that Richard Allen Prison Commissoner, Bob Riley Govenor, Troy King Attorney General, Sidney Williams Chairman of the Board, and The Board of Pardons and Paroles have acted Arbitrarily and Capriciously in administering Punishment Not Authorized by State and Federal law "Defendants Overcrowding"

The Plaintiffs move this court to make a Judgement Against the "Defendants Overcrowding" Richard Allen, Bob Riley, Sidney Williams, Troy King, and The Board of Pardons and Paroles, for violating their duty to Ensure Safe and Healthy living Enviroments.

12.

Plaintiff(s) move this court for any other, further, different or additional relief and asks that this court award the Plaintiff(s) one million dollars each and Injunctive Relief from overcrowding and Punitive damages of two hundred and fifty thousand dollars be awarded to Plaintiff(s).

## Conclusion

Plaintiff(s) Pray that this Honorable Courts Magistrate (Judge) Grant this Motion to Amend Governor Bob Riley, Attorney General Troy King, and the Board of Pardons and Paroles as Defendants to Plaintiffs Class A 1983 Claim.

Respectfully Submitted: Charles Dixon #134244
                        Plaintiff        Pro Se
                  Print Nm. Charles Dixon

## Certificate of Service

I, Charles Dixon, pursuant to 28 USC § 1746, declares under penalty of perjury that Plaintiff mailed of copy of the enclosed Motion to Amend to State offices listed below, by placing Motion to Amend in an envelope in the U.S. Post Office at Easterling Corr. Fac. 200 Wallace Dr. Clio, AL. 36017-2615, Done this 23, day of May 2006.

STATE AGENCIES MAILED

Office of the Clerk
P.O. Box 711
Montgomery, Alabama
36101-0711

Richard Allen et.al.,
101 S. Union St.
P.O. Box 301501
Montgomery, Alabama
36130-1501

Attorney General
Troy King

Alabama Governor
Bob Riley

Board of Pardons and Paroles

Plaintiff(s) declares under penalty of perjury that the foregoing is true and correct.
Executed on: MAY 23, 2006

SIGNED: Charles D Jones #139244
   Plaintiff                    Pro Se
   E.C.F   200 Wallace Drive
   Clio, Alabama  36017-2615

14.