IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**CHARLES DIXON,**
    **Plaintiff,**

Vs.                                  Case #2:06-cv-266-MHT

**RICHARD ALLEN, et al.,**
    **Defendants**

AFFIDAVIT OF
SIDNEY WILLIAMS

Comes now Sidney Williams, and shows unto the Court as follows:

"My name is Sidney Williams. I am a Member of the Alabama Board of Pardons and Paroles, and have been designated to serve as its Chairman. I have been served with the Complaint in the above-styled action.

"I do not have personal knowledge of the conditions in any prison in Alabama, although I am generally aware that the prisons have more inmates than they were intended to house. I have no authority to direct, govern or regulate conditions in any prison. The Board is a separate agency from the Department of Corrections, with a separate and distinct statutory set of duties and powers, as well as separate budget appropriations. The prisons are governed and administered by the Commissioner of Corrections, who is an Executive Branch officer.

"The Board is a Legislative Branch agency, exercising clemency powers on behalf of the Legislature. Our role is to determine, on a case by case basis, which prisoners over which we have jurisdiction may be safely released before completing their sentences. Various statutes restrict the Board's authority to consider or grant parole to a significant number of prisoners. In each case, we must assess the individual prisoner's

1

suitability for parole and weigh his situation in light of the needs of society. Unanimous agreement of a three member panel is required any time we release a prisoner who has served less than ten years or one-third of his sentence, whichever is lesser. A significant percentage of the prisoners released on parole are, in fact, released prior to that point in their sentence.

"I deny that I have taken any action, other than to consider individual prisoners for parole or to consider whether to return individual parolees to prison, that could even remotely be considered to affect the size of the prison population. I expressly deny having caused the conditions that Plaintiff contends exist in prison. I have no authority to cause those conditions or to change them, if they do exist. I expressly deny having caused Plaintiff any harm.

"I have taken no action that a reasonable member of a parole board would believe deprives Plaintiff of any clearly established right. I have taken no action that violates clearly established law. I do not believe that I have deprived Plaintiff of any clearly established right. I certainly have never intended to cause any harm, or to deprive Plaintiff of any right, privilege or immunity protected by the laws of the United States. I have no reason to believe that I have contributed to any harm that Plaintiff claims to have suffered."

        /s/ Sidney Williams
        Sidney Williams

Sworn to & subscribed before me this 9th day of June, 2006

        /s/ Loretta Rhodes
        Notary Public
        Commission Expires: 10/10/06

2