**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**CHARLES DIXON,**
    **Plaintiff,**

       **Vs.**                      **Case #2:06-cv-266-MHT**

**RICHARD ALLEN, et al.,**
    **Defendants**

**ANSWER OF
SIDNEY WILLIAMS
TO AMENDED COMPLAINT**

    Comes now Sidney Williams, and shows unto the Court as follows:

1)    Williams is absolutely immune from liability predicated on his adjudicative acts, as a member of the Board of Pardons & Paroles, in determining which prisoners are suitable candidates for early release.

2)    Williams is entitled to qualified immunity. He has taken no action that a reasonable parole board member would believe violated clearly established law or deprived the Plaintiff of clearly established rights.

3)    The amended complaint fails to state a claim upon which relief may be granted.

4)    Williams has insufficient information on which to admit or deny the averments regarding prison conditions. He demands strict proof of all averments.

5)    Williams denies any averment that he caused any harm to Plaintiff, and demands strict proof thereof.

6) Williams expressly denies depriving Plaintiff of any right, privilege or immunity protected under the Constitution or laws of the United States.

7) The amended complaint fails to present a justiciable controversy between Plaintiff and Williams, in that Williams has no authority or power to govern, regulate or change the conditions in any prison.

8) Williams denies acting under color of State law to cause prison overcrowding.

9) The amended complaint fails to allege any act on Williams' part that is unlawful or that deprives Plaintiff of any right, privilege or immunity protected by the Constitution or laws of the United States.

10) The amended complaint fails to allege any act on Williams' part that is different in kind or quality from the acts of judges who sentence convicted felons to prison, or that has any more proximate causal connection to the conditions complained of than the similar adjudicative acts of those judges.

WHEREFORE, premises considered, Sidney Williams moves the Court to dismiss him from this action.

Respectfully submitted,

TROY KING.
ATTORNEY GENERAL
KIN047

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL
GRI026

s/HUGH DAVIS  
DEPUTY ATTORNEY GENERAL  
State Bar#: ASB-4358-D63F  
Ala. Bd. Pardons and Paroles  
301 South Ripley Street  
P.O. Box 302405  
Montgomery, Alabama 36130  
Telephone: (334) 242-8700  
Hugh.davis@paroles.alabama.gov  

## CERTIFICATE OF SERVICE

I hereby certify that on June , 2006, I electronically file the foregoing with the Clerk of the Court using the CM/ECF system with will send notification of such to the following: None, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

**CHARLES DIXON**  
**AIS#139244**  
**EASTERLING CORRECTIONAL FACILITY**  
**200 WALLACE DRIVE**  
**CLIO, ALABAMA 36017**

Done this <sup>th</sup> day of June, 2006.

Respectfully submitted,

s/HUGH DAVIS  
DEPUTY ATTORNEY GENERAL  
State Bar # ASB-4358-D63F  
Alabama Board of Pardons and Paroles  
Post Office Box 302405  
301 S. Union Street  
Montgomery, Alabama 36130  
(334) 242-8700  
(334) 353-4423  
Hugh.Davis@paroles.alabama.gov