IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**CHARLES DIXON,**
    **Plaintiff,**

        Vs.                              Case #2:06-cv-266-MHT

**RICHARD ALLEN, et al.,**
    **Defendants**

### SPECIAL REPORT OF
### SIDNEY WILLIAMS
### IN RESPONSE TO AMENDED COMPLAINT

Comes now Sidney Williams, and shows unto the Court as follows:

### The Amended Complaint

The Amended Complaint avers that Williams, the Chairman of the Alabama Board of Pardons and Paroles, has acted under color of State law to cause the Plaintiff to experience cruel and unusual punishment, in violation of the Constitution of the United States. Plaintiff contends that the conditions in Alabama's prisons are so harsh, as a result of overcrowding, that they violate the Constitution. He apparently contends that Williams is at fault for not releasing more prisoners than have been released.

No new material allegations are presented to connect Williams with the allegedly unconstitutional conditions of confinement, although further allegations are presented as to those conditions.

### Defendant's Position

Williams re-asserts all defenses previously presented. In particular, he avers that he is absolutely immune from suit arising from his adjudicative acts. The only causal connection Plaintiff can assert between Williams and the alleged harms arises from

Williams' adjudicative role. The Amended Complaint fails to demonstrate that this adjudicative role is legally a proximate cause of the alleged harms. The Amended Complaint fails to demonstrate that Williams' adjudicative acts have any more significant causal connection to the alleged harms than do the adjudicative acts of those judges who have sentenced offenders to terms in prison after having heard that the prisons are crowded.

Williams further asserts that no reasonable parole board member would believe that it is unlawful for him to continue making individual assessments of the suitability of individual prisoners for early release. There certainly is no clearly established law indicating that his actions are unlawful. Williams is entitled to qualified immunity.

Even after amendment, the complaint fails to allege any facts supporting an inference of a causal connection between any act on Williams' part and the harms that Plaintiff claims to have suffered. Williams repeats his assertion that he has no authority under the law to alter, control or affect the conditions in any prison in Alabama. The amended complaint contains no averment to the contrary.

The affidavit filed with the first Special Report adequately addresses the averments of the amended complaint, and is cited in support of this Special Report.

Pursuant to Rule 15(a), F.R.Civ.P., Williams objects to further amendment of the complaint without a significant showing that justice requires further opportunity to amend. In the alternative, Williams suggests that Plaintiff be afforded a final opportunity to amend his complaint so as to show what acts he contends Williams has taken and to show how he contends that those acts have caused the alleged harms. In particular, Williams avers that the amended complaint fails to show that he has any authority over

the operation of any prison, or any authority to alter the conditions in any prison, and Williams further avers that the amended complaint fails to show any action on Williams' part that proximately caused any of the alleged harms.

## Conclusion

The amended complaint fails to state a claim against Williams. Even if every averment in the amended complaint is true, including the conclusory allegations, this action fails to aver that Williams has taken any action that caused the alleged harms. The amended complaint fails to present any claim against Williams on which this Court could grant relief.

Williams respectfully moves this Court to dismiss him from this action.

Respectfully submitted,

TROY KING.
ATTORNEY GENERAL
KIN047

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL
GRI026

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

# CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2006, I electronically file the foregoing with the Clerk of the Court using the CM/ECF system with will send notification of such to the following: None, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

**CHARLES DIXON**
**AIS#139244**
**EASTERLING CORRECTIONAL FACILITY**
**200 WALLACE DRIVE**
**CLIO, ALABAMA 36017**

Done this 20th day of June, 2006.

Respectfully submitted,

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar # ASB-4358-D63F
Alabama Board of Pardons and Paroles
Post Office Box 302405
301 S. Union Street
Montgomery, Alabama 36130
(334) 242-8700
(334) 353-4423
Hugh.Davis@paroles.alabama.gov