IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CHARLES DIXON, #139 244            *

    Plaintiff,                               *

    v.                                          *        2:06-CV-266-MHT

RICHARD ALLEN, *et al.*,              *

    Defendants.                          *

_____

**ORDER**

The Magistrate Judge has reviewed the answers, special reports and supporting evidentiary materials filed by Defendants (Doc. Nos. 25, 26, 28) and determined that Plaintiff must file a response in opposition to such pleadings. Accordingly, it is

ORDERED that on or before August 22, 2006 Plaintiff shall file a response to the written reports. **If Plaintiff fails to file a response as required by this order, the court will treat the failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action. Plaintiff is specifically cautioned that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure. If Plaintiff fails to respond to the written reports with respect to each of the claims raised in his complaint, the court will treat this failure as an abandonment of these claims and shall proceed as justice requires.**

As indicated herein, at some time in the future the court will treat Defendants' reports and Plaintiff's response as a dispositive motion and response.[1] Thus, in filing a response to Defendants' reports Plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits,[2] or other evidentiary materials developed through discovery or other appropriate means and which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case. Failure to file sworn affidavits or other evidentiary materials may result in this court accepting Defendants' evidence as the truth.[3] If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

The parties are hereby notified that upon the expiration of the time for Plaintiff to file a response as allowed by this order, <u>unless within fifteen (15) days from the date of this order a party files a pleading which presents sufficient legal cause why such action should not be undertaken</u>, the court may at any time thereafter and <u>without further notice to the parties</u> (1) treat the special reports and any supporting evidentiary materials as  motions for summary

---

[1] Thus, in preparing a response to the special reports filed by Defendants, Plaintiff should refer to the requirements of Rule 56, <u>Federal Rules of Civil Procedure</u>.

[2] An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer. The affidavit **must be made on personal knowledge, set forth such facts as would be admissible in evidence**, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

[3] If Plaintiff is unable to present, by affidavit, facts essential to justify his opposition to Defendants' special reports, he must file a sworn statement as to why he is unable to do so.

2

judgment and (2) after considering any response as allowed by this order, rule on the motions for summary judgment in accordance with the law.

Failure to follow the requirements of this order about the proper manner in which to respond to Defendants' written reports will result in a recommendation of the Magistrate Judge that final judgment be entered in favor of Defendants without there being an evidentiary hearing.

Done this 4th day of August, 2006.

                                               /s/Charles S. Coody  
                                              CHARLES S. COODY  
                                              CHIEF UNITED STATES MAGISTRATE JUDGE